IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KIMBERLY SCOTT                                                                                  PLAINTIFF

V.                             CASE NO. 3:15-cv-00299-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                                    DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Kimberly Scott filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence does not support the Commissioner's decision.

## I.   PROCEDURAL HISTORY

Ms. Scott protectively filed her applications for DIB and SSI on June 23, 2012. (R. at 111.) She alleged a disability onset date of December 2, 2011, due to complications from recurrent chronic lymphoid leukemia and diabetes. (R. at 293.) The Social Security Administration denied Ms. Scott's claims at the initial and reconsideration levels. (R. at 111.) On October 23, 2013, an Administrative Law Judge ("ALJ") held a hearing on Ms. Scott's claims. (R. at 129.) On May 27, 2014, the ALJ issued an unfavorable decision, denying her claims. (R. at 108.) On August 18, 2015, the Appeals Council denied Ms. Scott's request for review. (R. at 1.)

On September 21, 2015, Ms. Scott filed a complaint against the Commissioner, appealing the denial of DIB and SSI. (Compl. 1, ECF No. 2.) On September 25, 2015, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both

parties have briefed the relevant issues in this case. (Pl.'s Br., ECF No. 13; Def.'s Br., ECF No. 15.)

## II.   ADMINISTRATIVE PROCEEDINGS

Ms. Scott was forty-seven years old on the date of the administrative hearing and had completed some college. (R. at 134-35.) She had past relevant work as an office manager, retail cashier, and a certified nursing assistant ("CNA"). (R. at 140-41.) The ALJ applied the five-step sequential evaluation process to Ms. Scott's claims.[2] (R. at 112.)  The ALJ found that Ms. Scott satisfied the first step because she had not engaged in substantial gainful activity. (R. at 113.) At step two, the ALJ found that Ms. Scott suffered from the severe medical impairments of chronic recurrent lymphoid leukemia; non-insulin dependent diabetes mellitus; open reduction/internal fixation of left, fifth finger; depressive disorder; and pain disorder. (R. at 113.) At step three, the ALJ found that Ms. Scott did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 114.) Before proceeding to step four, the ALJ found that Ms. Scott had a residual functional capacity ("RFC") to perform less than a full range of sedentary work. Specifically, he found that Ms. Scott could perform sedentary work:

> where interpersonal contact is incidental to the work performed, incidental is defined as interpersonal contact requiring a limited degree of interaction such as meeting and greeting the public, answering simple questions, accepting payment and making change; complexity of tasks can be learned by demonstration or repetition within 30 days, few variables, little judgment; supervision required is simple, direct and concrete.

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

(R. at 114.) In making the RFC determination, the ALJ found that Ms. Scott was not credible regarding the persistence and limiting effects of her impairments' symptoms. (R. at 117.) At step four, the ALJ found that Ms. Scott was unable to perform her past relevant work. (R. at 121.) At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Ms. Scott could perform, such as a ceramic tile inspector and charge account clerk, new account verifier, and telemarketer. (R. at 122.) Therefore, the ALJ found that Ms. Scott was not disabled. (R. at 122.)

### III.  STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the

record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV. DISCUSSION

Ms. Scott argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br. 2, ECF No. 13.) Specifically, she alleges that substantial evidence does not support the ALJ's RFC determination or his step five determination. (*Id.* at 40-45.) The Commissioner argues that substantial evidence supports the ALJ's decision. (Def.'s Br. 9, ECF No. 15.) Because the Court finds that substantial evidence does not support the ALJ's RFC assessment, the Court does not address the ALJ's step five analysis.

Ms. Scott makes several arguments regarding her RFC. (Pl.'s Br. 40-44, ECF No. 13.) Since the Court finds that substantial evidence does not support the ALJ's mental RFC assessment because it is inconsistent with the record as a whole, (*see id.* at 42), that is the only argument that the Court will address in this memorandum.

It is the claimant's burden to prove her RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). Although an RFC is a medical determination, in making this determination the ALJ may not rely solely on medical evidence, but instead must use all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

Here, the ALJ did not use all relevant, credible evidence in making his mental RFC assessment. In discussing the relevant medical evidence, the ALJ stated that Ms. Smith saw Joe Kenan, M.D., three times between July 18, 2013, and September 15, 2013. (R. at 115.) However, the ALJ failed to discuss the medical evidence from Ms. Smith's many visits to Families Inc. for mental health treatment between July 8, 2013, and July 1, 2014. (R. at 795-883.) Ms. Smith also attended Families Inc. on September 4, 2014. (R. at 1105-10.) While an acceptable medical source did not evaluate Ms. Smith during some visits, during multiple visits one did, including Dr. Kenan, and the ALJ is required to consider all of the evidence. *McKinney*, 228 F.3d at 863. Additionally, the objective evidence in this record paints a much clearer picture of Ms. Smith's mental impairments than the four examinations that the ALJ discussed. The ALJ was at least required to determine what weight to give to the medical sources' findings and use any objective findings in determining Ms. Smith's RFC. 20 C.F.R. § 404.1527(c) ("we will evaluate every medical opinion we receive.").

Therefore, substantial evidence does not support the ALJ's mental RFC assessment. On remand, the Commissioner must assign weight to the medical opinions from Families Inc., determine if there are any conflicts with the consultative physician's opinion, and resolve any conflicts. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007) (citing *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000)).

Because the Court does not address Ms. Smith's other claims, the Commissioner should review them *de novo*.

## V.     CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the Commissioner because there is evidence in the record that contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the Commissioner. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes that remand is necessary for further consideration consistent with this memorandum.

So ordered this 8th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE